# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| JEREMY RAYE DESHOTEL, ET AL. | Civil Action No. 6:19-0373 |
| | Judge Michael J. Juneau |
| versus | Magistrate Judge Carol B. Whitehurst |
| PAYPAL, INC., ET AL. | |

### MEMORANDUM RULING AND ORDER

Pending before the Court are several motions, as follows: (1) Motion to Dismiss for Failure to State a Claim [Doc. 11], filed by Paypal, Inc. and Ashley Weres;[1] (2) Motion to Dismiss Penalty, Punitive or Exemplary Damages [Doc. 16], filed by Caleb David Lege and the City of Scott;[2] (3) Motion to Dismiss for Failure to State a Claim [Doc. 17] filed by Caleb David Lege and the City of Scott;[3] (4) Motion to Sever, Motion to Transfer, and Motion to Dismiss for Failure to State a Claim [Doc. 20] filed by CardCash Exchange, Inc.;[4] and Motion to Amend/Correct [Doc. 46] filed by the plaintiffs.[5]

After review of the numerous briefs filed in connection with the pending motions, the plaintiffs' Motion to Amend will be GRANTED, and all other pending

---

[1] This motion is opposed by the plaintiffs, see Doc. 19, and the movants filed a reply brief, see Doc. 28.

[2] This motion is opposed by the plaintiffs, see Doc. 21.

[3] This motion is opposed by the plaintiffs, see Doc. 31.

[4] This motion is opposed by the plaintiffs, see Doc. 37, and the movants filed a reply brief, see Doc. 44.

[5] This motion is opposed, see Docs. 48, 49, and 52, and the movants filed a reply brief, see Doc. 55.

motions will be DENIED at this time, subject to the right of the movants to re-file their motions to dismiss once the Amended Complaint is filed into the record, all as set forth below.

## I. Factual Background

This action arises out of the arrests of the plaintiffs on money laundering activities. On September 26, 2016, defendant Caleb David Lege prepared affidavits and warrants for the plaintiffs' arrests after defendant PayPal, Inc. contacted the Scott Police Department to investigate possible money laundering and illegal transmission of monetary funds by the plaintiffs in connection with their company, Giftopia, LLC. PayPal had received a complaint from another defendant, CardCash, claiming that CardCash had sent $80,000 to Giftopia to purchase gift cards using PayPal's financial services, but had not received all of the purchased merchandise from Giftopia. Plaintiffs' bank accounts had shown that they had withdrawn the funds from CardCash and used the funds to purchase gold and silver bars on ebay. In preparing the affidavits for the plaintiffs' arrests, Lege relied on information from multiple sources, including CardCash and PayPal, as well as Capital One bank statements and PayPal account transactions.

Judge Duplantier of the Fifteenth Judicial District Court ordered warrants for the plaintiffs' arrests after considering the affidavits and evidence presented to him. Following the issuance of the warrants, Lege obtained search warrants from Judge Duplantier to search the plaintiffs' residence and vehicles. The City of Scott thereafter seized steroids, hypodermic syringes, and firearms from the locations

searched.  On September 28, 2016, the City of Scott arrested the plaintiffs at their home in Louisiana for illegal transmission of monetary funds, money laundering, a transaction involving the proceeds of criminal activity, as well as additional drug-related and weapons offense charges.  The charges for illegal transmission of monetary funds and money laundering were ultimately refused, while plaintiff Jeremy Deshotel pled guilty to possession of Schedule II narcotics and possession of drug paraphrenalia  All charges against Courtney Deshotel were refused.

As a result of their arrests and the charges brought against them, the plaintiffs filed the instant lawsuit on March 23, 2019, claiming they suffered damages, and alleging claims of false imprisonment, malicious prosecution, and seeking punitive damages.  The plaintiffs also assert a claim of detrimental reliance against CardCash. All claims are alleged under the Fourth, Fifth, and Fourteenth Amendments, as well as Louisiana state law.

The defendants have filed several motions to dismiss, a motion to sever, and a motion to dismiss the claim for punitive damages. The most recent motion filed is the plaintiffs' Motion to Amend their Complaint, which is opposed by all of the defendants.  A review of the motion, however, shows that granting this motion may streamline not only the claims before the Court, but the arguments of the defendants for dismissal.

## II. Law and Analysis

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court.... [] Rule 15(a) requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc*., 283 F.3d 282, 286 (5th Cir. 2002).

In the instant case, the Court finds that the granting of the motion to amend will promote the efficient use of judicial resources. The proposed amended complaint seeks to correct factual errors and clarify the plaintiffs' causes of action. To the extent that the proposed amended complaint clarifies the legal claims of the plaintiffs, moots portions of the motions that have been filed by the defendants, and fosters a streamlining of the remaining objections of the defendants, the filing of an amended complaint is a welcome procedural development at this juncture. Moreover, there has been no demonstrated bad faith or undue delay in the plaintiffs' request to amend. Discovery has not been completed, no motions for summary judgment have been filed, and the case has not progressed to the point that an amended complaint will prejudice any party. Finally, with respect to the issue of futility of the amendment, the Court notes that the manner in which the issues have been briefed in this matter has been less than helpful to the Court. By permitting the amendment, the Court is not suggesting that the amended claims cannot be the subject of a properly filed and briefed motion to dismiss. However, considering the early stage of the litigation and the other considerations set forth in this ruling, the Court is hopeful that allowing the amendment will streamline any remaining issues that can be properly briefed once the

4.

Amended Complaint is filed. Under these circumstances, the Court concludes that the motion for leave to amend the complaint should be granted.

### III. Conclusion

For the foregoing reasons, the plaintiffs' Motion for Leave to File First Amended Complaint [Doc. 46] is GRANTED. Furthermore, it is ORDERED that the Motion to Dismiss for Failure to State a Claim [Doc. 11], Motion to Dismiss Penalty, Punitive or Exemplary Damages [Doc. 16], Motion to Dismiss for Failure to State a Claim [Doc. 17], and Motion to Sever, Motion to Transfer, and Motion to Dismiss for Failure to State a Claim [Doc. 20] are hereby DENIED at this time, subject to the rights of the movants to re-file their motions after consideration of the Amended Complaint.[6]

THUS DONE AND SIGNED this 22nd day of August, 2019 in Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[6] Any such motions shall be filed with 21 days of this Order.

5.