# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JEREMY RAYE DESHOTEL, ET AL. | Civil Action No. 6:19-0373 |
| versus | Judge Michael J Juneau |
| CARDCASH EXCHANGE, INC., ET AL. | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. 60] filed by the defendants the City of Scott and Sergeant Caleb David Lege, individually and in his official capacity as a police officer for the City of Scott (the "Scott defendants"). The motion is opposed by the plaintiffs Jeremy and Courtney Deshotel [Doc. 68], and the defendants filed a Reply brief [Doc. 84]. For the following reasons, it is RECOMMENDED that the Motion to Dismiss be GRANTED IN PART AND DENIED IN PART.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The facts and procedural history of this matter have been set forth in detail in prior Reports issued by the undersigned and are incorporated herein *in globo*.

## II. LAW AND ANALYSIS

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the

complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

### B. Analysis

In their First Amended Complaint, the plaintiffs appear to seek punitive damages from the Scott defendants under Section 1983 and Louisiana law. Plaintiffs also appear to assert that punitive damages are available against these defendants under New Jersey law. However, Louisiana law clearly applies to the plaintiffs' claims against these defendants, as the complained of actions occurred in Louisiana.

In previous reports, this Court has concluded that the plaintiffs state no claim against Sergeant Lege in his official capacity, as a claim has also been alleged against the City of Scott. Therefore, for the purposes of this motion, the Court need only consider the claim for punitive damages against Sergeant Lege in his individual capacity and against the City of Scott.

#### 1. The City of Scott

The United States Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a §1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981). "It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (W.D. La. Sept.

4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119, 120 (2003). Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." Accordingly, this Court finds that the plaintiff fails to state a claim for punitive damages against the City of Scott.

### 2. Sergeant Lege

The United States Supreme Court has recognized that punitive damages may be recoverable against municipal employees who are sued in their individual capacities under Section 1983. *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). The undersigned has recommended that the plaintiffs' Section 1983 claims against Sergeant Lege in his individual capacity go forward at this stage of the litigation, and the undersigned has recommended that the parties be allowed to conduct limited discovery for the purpose of Sergeant's Lege's qualified immunity defense. For that reason, the defendants' motion to dismiss the plaintiffs' claim for punitive damages against Sergeant Lege in his individual capacity should be denied at this time.

### 3. Claims under Louisiana law

Finally, it is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be

4

recovered. See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988). The plaintiffs have failed to identify any Louisiana statutory provision that allows the recovery of punitive damages for the state-law claims asserted against defendants in this lawsuit. Accordingly, the motion should be granted with regard to plaintiffs' claims for state-law punitive damages.

### III. CONCLUSION

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. 60] be GRANTED IN PART AND DENIED IN PART. IT IS RECOMMENDED that defendants' motion to dismiss the plaintiffs' claim for punitive damages against the City of Scott be GRANTED, and that this claim be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss the plaintiffs' claim under Section 1983 for punitive damages against Sergeant Lege in his individual capacity be DENIED.

IT IS FURTHER RECOMMENDED that the defendants' motion to dismiss the plaintiffs' state law claim for punitive damages be GRANTED, and that claim should be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 2nd day of April, 2020 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE